UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tavaras Etone Warren,

               Plaintiff,      Case No. 20-13396

v.                                 Judith E. Levy
                                  United States District Judge

Flint Water Department,

               Defendant.

_____/

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [2] AND DISMISSING COMPLAINT**

On December 3, 2020, Plaintiff Tavaras Etone Warren, a federal inmate incarcerated at the United States Penitentiary, Hazelton in Bruceton Mills, WV, filed a complaint seeking redress for the various harms he suffered[1] due to his use and consumption of the City of Flint's municipal water. (ECF No 2.) Plaintiff states that he often experiences stomach aches, dizziness, body cramps, red skin rashes, bumpy skin, anxiety, and depression as a result of his use of Flint water. (*Id*. at

---

[1] The harms Plaintiff complains about are not related to his current incarceration.

PageID.8.) He is suing the Flint Water Department for violating his Eighth Amendment right to be free from cruel and unusual punishment under 42 U.S.C. § 1983 and seeks $1.5 million in compensatory and punitive damages. (*Id.*)

Plaintiff requests permission to proceed without prepaying fees or costs (*in forma pauperis*). (ECF No. 2.) The *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1) states: "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." Plaintiff is unemployed, incarcerated, and reports that he has no cash or money in any bank accounts. (ECF No. 2.) Plaintiff satisfies the requirements under 28 U.S.C. § 1915(a)(1) and his application to proceed *in forma pauperis* is granted.

Because he proceeds *in forma pauperis*, the Court must screen the complaint to see if it states a claim or is frivolous. 28 U.S.C. § 1915(e)(2)(B). When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404

U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Plaintiff has not stated an actionable Eighth Amendment claim. Eighth Amendment claims are typically brought by prisoners related to treatment while in custody. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508 (6th Cir. 2001); *Richmond v. Settles*, 450 F. App'x 448 (6th Cir. 2011). Here, Plaintiff claims to have been exposed to Flint water for more than 20 years (ECF No. 1, PageID.6-7), and he does so without explaining how that claim relates to his conditions of confinement at Federal Correctional Institution Hazelton in Bruceton Mills, WV. From what the Court can discern from the complaint, Plaintiff claims he consumed contaminated Flint water before being incarcerated, which would mean that any resulting effects from consuming the contaminated water are not related to his conditions of his confinement. Accordingly, Plaintiff fails to state an actionable claim.

In addition to the above, the Flint Water Department is an improper Defendant. The Flint Water Department is a department within the City of Flint, and not a separate entity from the City. Municipal agencies or departments, like the Flint Water Department, are

not generally eligible to be sued as defendants in § 1983 suits. *See McGrew v. Duncan*, 333 F. Supp. 3d 730, 744 (E.D. Mich. 2018) (stating "city departments are not separate legal entities against which a suit can be directed.") (citing *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997); *Pierzynowski v. Police Dep't City of Detroit*, 941 F. Supp. 633, 637 (E.D. Mich. 1996)); *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (stating a police department is not an entity that can be sued under § 1983). Even if Plaintiff named the City of Flint, Plaintiff still would not have an actionable Eighth Amendment case because the City of Flint is not incarcerating him.

If Plaintiff was exposed to contaminated Flint water, he may be eligible for relief through alternate means. The Flint Water Crisis (*see Walters v. Flint*, No. 17-cv-10164, 2019 WL 3530874 (E.D. Mich. Aug. 2, 2019)) has generated numerous legal actions. If Plaintiff was exposed to Flint water from April 25, 2014 to July 31, 2016, he and his family, who he references in his complaint, may be eligible for relief under the terms of a partial settlement, which received preliminary approval by this Court on January 21, 2021. *In re Flint Water Cases*, No. 5:16-cv-10444, (E.D. Mich. Jan. 21, 2021) (granting preliminary approval of a partial

4

settlement with regards to civil suits connected to what is commonly known as the Flint Water Crisis).

Plaintiff has failed to state a claim and the case must be dismissed under 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Court GRANTS Plaintiff's motion to proceed *in forma pauperis* and DISMISSES the case.

IT IS SO ORDERED.

Dated: May 5, 2021      s/Judith E. Levy
 Ann Arbor, Michigan     JUDITH E. LEVY
                              United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 5, 2021.

                         s/William Barkholz
                         WILLIAM BARKHOLZ
                         Case Manager